## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| DANIEL ENNIS, JR. | CIVIL ACTION NO. 3:11-cv-0749 |
|     LA. DOC # 159225 | |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| DR. JOHN LITTLES, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Daniel Ennis, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 11, 2011. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. When he filed his complaint he was incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana; however, in correspondence dated August 5, 2011, he advised that he would be released from custody on August 9, 2011 and would return to his residence in Brusly, Louisiana. [Doc. 7]

Plaintiff sued Dr. John Littles, a dentist who treated him at FPDC, Warden Chad Lee, and the Louisiana Department of Public Safety and Corrections.  He complained that he was treated inappropriately by Dr. Littles in August, September, and October 2010.  Plaintiff requested injunctive relief (i.e. "medical care") and $20,000 for pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous,  for failing to state a claim for which relief may be granted, and for seeking monetary damages from a defendant who is immune from suit.

### *Background*

Plaintiff's original complaint is difficult to decipher.  In general he complained that Dr. John Littles "because he broke a tooth of and my gum was torn up bad with a big piece of meat hanging down." He also complained that Little provided four pain pills but "forgot to write my prescription for infection pills."  More specifically he alleged, "I have been in pain and gum is irritated with no medication. All happen on the 9-12-10 and he lifted on tooth before it was deaden on 10-3-10 I was in pain until 10-16-10. On the 8-1-10 Dr. John Littles lift on tooth before it was deaden in pain for about 14 day then and I told him about it. Each time I told him about the pain went through with no med."

He alleged that Warden Lee is liable "because he hired on Dr. John Littles." He alleged that the Department of Public Safety and Corrections is liable "because they placed me here in Franklin Parish Detention Center. D.O.C. is in charge of me."

As noted above, plaintiff seeks an order providing "medical care" and compensatory damages for pain and suffering.

### *Law and Analysis*

#### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears

that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably

meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint is somewhat difficult to decipher.  However, he has articulated the broad contours of his complaint and therefore further amendment is not necessary.

## 2. Medical Care

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm.  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants identified in his pleadings.

4

At worst, plaintiff contends that Dr. Littles was negligent when he extracted plaintiff's tooth and broke a piece off leaving a "big piece" of flesh exposed. He also implied that Littles "forgot" to provide a prescription for antibiotics.  However, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifference standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights  plaintiff must allege and prove that each of the  defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and,  that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed</u>, <u>and that they drew that inference</u>. *Id.* at 837.

### 3. Supervisory Liability

Plaintiff has alleged neither deliberate indifference nor even negligence on the part of Warden Lee.  Indeed, plaintiff described Lee's liability as arising "because he hired Dr. Littles [and] because he work in the prison here." It thus appears that plaintiff has sued Warden Lee in his supervisory capacity.   However, the jurisprudence interpretative of Section 1983 holds that "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a

civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).  In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants. Plaintiff has alleged no fault on the part of the Warden and therefore his complaint fails to state a claim for which relief may be granted.

### 4. Sovereign Immunity

Finally, plaintiff has sued the Louisiana's Department of Public Safety and Corrections because that entity placed plaintiff at FPDC and exercises custody over him. The Department of Public Safety and Corrections, is by statutory authority, a department within the government of the State of Louisiana. La. R.S. 36:401. For Eleventh Amendment purposes, the Department has long been considered an arm of the state since any judgment against it would be paid from state funds. *Anderson v. Phelps*, 655 F.Supp. 560, 564 (M.D.La.1985).

Suits against the Department implicate the Eleventh Amendment immunity doctrine. *Muhammad v. Louisiana*, 2000 WL 1568210 (E.D.La. Oct. 18, 2000); *Citrano v. Allen Correctional Center*, 891 F.Supp. 312, 320 (W.D.La.1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F.Supp. at 560 and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F.Supp. 180 (E.D.La.1978)). The Eleventh Amendment forbids suits for money damages brought by a citizen against his own State in Federal Court. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir.1986). A state may expressly waive this Eleventh Amendment sovereign immunity, however neither the State of Louisiana   nor its

Department of Corrections have expressly waived immunity in this case.  Indeed, the State has taken steps to assert its right to sovereign immunity by enacting La. R.S. 13:5106(a) which  provides that "no suit against the state ... shall be instituted in any court other than a Louisiana state court."

### Conclusion and Recommendation

Plaintiff's complaint against Dr. Littles must be dismissed as frivolous and for failing to state a claim for which relief may be granted since, at worst, plaintiff's complaint alleges that the dentist was negligent and not deliberately indifferent to plaintiff's health and welfare; his claim against Warden Lee must be dismissed for failing to state a claim since plaintiff has alleged that Lee is liable by virtue of his supervisory position over Dr. Little and such claims are unavailable in Section 1983 suits; finally, plaintiff's claims against the Louisiana Department of Corrections must be dismissed because the Department is immune from suit in this instance.  Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted, and for seeking a money judgment against a defendant who is immune from suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall**

7

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, August 17, 2011.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

8